### FLOYD WILLIAMS *v.* COMMISSIONER OF CORRECTION
### (15493)

Callahan, C. J., and Borden, Berdon, Norcott, Katz, Palmer and McDonald, Js.

Argued March 25—officially released April 22, 1997

*James A. Shanley, Jr.*, special public defender, for the appellant (petitioner).

*Frederick W. Fawcett*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Gerard P. Eisenman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Floyd Williams, was convicted of a single count of felony murder and sentenced to a term of imprisonment of sixty years. We subsequently affirmed his conviction. *State* v. *Williams*,

220 Conn. 385, 599 A.2d 1053 (1991). The petitioner thereafter filed this petition for a writ of habeas corpus claiming: (1) ineffective assistance of trial counsel; and (2) actual innocence. With regard to the petitioner's claim of actual innocence, the habeas court adopted the standard of proof enunciated by Justice White in *Herrera* v. *Collins*, 506 U.S. 390, 429, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) (White, J., concurring), which required a habeas petitioner "to show that based on proffered newly discovered evidence and the entire record before the jury that convicted him, no rational trier of fact could [find] proof of guilt beyond a reasonable doubt." (Internal quotation marks omitted.) Id., 429. The habeas court concluded that the evidence adduced at the petitioner's habeas hearing failed to meet that standard.

The petitioner, upon a grant of certification by the habeas judge, appealed from the judgment of the habeas court to the Appellate Court. The Appellate Court affirmed the judgment of the habeas court. The Appellate Court, however, specifically declined to "adopt the legal standard employed by the habeas court in reaching its decision." *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 530, 677 A.2d 1 (1996). The Appellate Court concluded, rather, that the petitioner could not prevail because he had failed to present newly discovered evidence in support of his claim. Id., 530; see *Summerville* v. *Warden*, 229 Conn. 397, 432–33, 641 A.2d 1356 (1994). We granted certification limited to the following question: "Did the Appellate Court properly conclude that a habeas corpus petitioner alleging his actual innocence must show that his claim of innocence is sustained by newly discovered evidence?" *Williams* v. *Commissioner of Correction*, 238 Conn. 908, 680 A.2d 311 (1996).

In his brief to this court and in oral argument, the petitioner disputed only the standard of proof to be

applied to newly discovered evidence in the context of a habeas claim of actual innocence. In his brief and in oral argument he expressed the view that a habeas corpus petitioner must predicate his claim of actual innocence on newly discovered evidence, thus agreeing with the state's position and the decision of the Appellate Court on the certified issue.

After having read the record and the appellate briefs of the parties and after having considered their oral arguments, we have determined that, in view of the petitioner's concession, certification of this matter was improvidently granted.

The appeal is dismissed.[1]

---

[1] By dismissing this appeal because certification was improvidently granted, we take no position on the correctness of the Appellate Court opinion.