CHARLES BATTS *v.* COMMISSIONER OF CORRECTION
(AC 24515)

Foti, Flynn and McLachlan, Js.

Submitted on briefs September 16—officially released October 26, 2004

*Robert J. McKay*, special public defender, filed a brief for the appellant (petitioner).

*Christine Collyer*, special deputy assistant state's attorney, *Christopher L. Morano*, chief state's attorney, and *Carolyn K. Longstreth*, former senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Batts, appeals following the denial by the habeas court of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the

petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and claims that the court improperly rejected his claim of actual innocence. We dismiss the petitioner's appeal.

In August, 1996, the petitioner was convicted, following a jury trial, of assaulting a correction officer in violation of General Statutes § 53a-167c. The court sentenced the petitioner, who was at the time of his conviction already incarcerated as a result of prior convictions, to a term of ten years, to run consecutive to the petitioner's existing sentences. In December, 2002, the petitioner filed an amended petition for a writ of habeas corpus wherein he claimed actual innocence. In February, 2003, after conducting a hearing, the habeas court issued a well reasoned memorandum of decision, denying the petition. The court subsequently denied the petitioner's petition for certification to appeal.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal

quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004).

The habeas court set forth the following facts underlying the petitioner's conviction. On January 27, 1995, the petitioner was incarcerated at the Garner correctional institution. The petitioner became involved in a verbal argument with Edward Caruso, a correction officer at Garner, after Caruso did not permit the petitioner to use a telephone. The argument culminated in Caruso informing the petitioner that he was going to issue him a disciplinary ticket. Shortly thereafter, as Caruso was walking down a hallway, the petitioner approached him from behind and demanded to know why Caruso was going to discipline him. The petitioner became agitated and, having backed Caruso up against a wall, began shaking his finger near Caruso's face and speaking to him in a threatening manner. Caruso raised his hand in self-defense and the petitioner struck him. Caruso called for help and, with the aid of another correction officer, subdued the petitioner.

At the habeas trial, the petitioner testified concerning the events of January 27, 1995, and elicited testimony from two of his fellow inmates, Anthony Lewis and Timothy Dobson. Essentially, the petitioner testified that he did not strike Caruso, and Lewis and Dobson testified that they observed Caruso strike the petitioner without provocation. The court denied the petition for a writ of habeas corpus on the basis of its conclusion that the petitioner had failed to present any newly discovered evidence in support of his claim of actual innocence. The court also concluded that, regardless of whether the petitioner's evidence was newly discovered, the petitioner had failed to demonstrate his actual innocence by clear and compelling evidence.

"[A] substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus,

even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial. . . . To prevail on a claim of actual innocence, the petitioner must satisfy two criteria. First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Citation omitted; internal quotation marks omitted.) *Player* v. *Commissioner of Correction*, 73 Conn. App. 556, 559, 808 A.2d 1140, cert. denied, 262 Conn. 926, 814 A.2d 378 (2002).

The petitioner first takes issue with the court's finding that he failed to present any newly discovered evidence in support of his claim of actual innocence. Our Supreme Court has deemed the issue of whether a habeas petitioner must support his claim of actual innocence with newly discovered evidence "an open question in our habeas jurisprudence." *Clarke* v. *Commissioner of Correction*, 249 Conn. 350, 358, 732 A.2d 754 (1999). This court, however, has held that a claim of actual innocence must be based on newly discovered evidence. *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 379, 682 A.2d 618 (1996), appeal dismissed, 249 Conn. 350, 732 A.2d 754 (1999). "[A] writ of habeas corpus cannot issue unless the petitioner first demonstrates that the evidence put forth in support of his claim of actual innocence is newly discovered." *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 530, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 692 A.2d 1231 (1997). This evidentiary burden is satisfied if a petitioner can

demonstrate, by a preponderance of the evidence, that the proffered evidence "could not have been discovered prior to the petitioner's criminal trial by the exercise of due diligence." Id., 528.

At his habeas trial, the petitioner presented his own testimony as well as testimony from his fellow inmates Lewis and Dobson. The court concluded that the petitioner's own testimony was not newly discovered because, at his criminal trial, the petitioner had exercised his right not to testify. The court further concluded that the testimony of Lewis and Dobson also was not newly discovered because the evidence demonstrated that, prior to his criminal trial, the petitioner had in his possession a list of the names of all of his fellow inmates who might have witnessed the incident. The names of Lewis and Dobson appeared on that list, yet the petitioner did not call them to testify. The court observed that the petitioner had declined legal representation in his criminal trial, and that, in light of the information available to the petitioner prior to his criminal trial, any difficulties encountered by the petitioner in investigating potential witnesses reflected a lack of due diligence in preparing for trial.

The petitioner argues that the trial court hampered his defense by limiting him in calling witnesses at trial,[1] an issue that was neither argued nor briefed before the habeas court. Further, the petitioner argues that he learned of Lewis and Dobson's testimony only after his conviction. The court determined that the proffered evidence could have been discovered by the petitioner in the exercise of due diligence prior to his trial.

The court also concluded that, regardless of whether the petitioner's evidence was newly discovered, the

[1] The record reflects that, at his criminal trial, the petitioner elicited testimony from several of his fellow inmates, some of whom testified that they did not observe the incident in question.

petitioner did not demonstrate by clear and convincing evidence his actual innocence. The court indicated that it carefully considered the evidence presented by the petitioner, namely, his own testimony and that of Lewis and Dobson. The court, in its role as finder of fact, was the sole arbiter of the credibility of the witnesses and the weight to afford their testimony. *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 553, 851 A.2d 313 (2004). The court concluded that the proffered testimony was not credible for several reasons. First, the testimony was that of convicted felons. The petitioner's credibility, in particular, was impugned further by the fact that he had received 141 disciplinary tickets during his term of incarceration, some of which were for providing false information. Second, the court found that the witnesses felt that there was "significant tension" between themselves and the correction officers. Third, the court found that, in significant ways, the version of events related by Lewis and Dobson contradicted the version of events related by the petitioner. Finally, the court concluded that "the potentiality for collusion between [Lewis and Dobson] as well as with the petitioner was high."

There is no basis on which to disturb the court's clear rejection of the testimony presented by the petitioner because this court does not second-guess findings related to the credibility of witnesses. The court determined that the petitioner had failed to prove his actual innocence with clear and convincing evidence and, in light of the court's findings, we agree that the petitioner failed to present such evidence. The petitioner also argues: "Considering the evidence and testimony presented to the habeas court, no reasonable fact finder would have found the petitioner guilty of the crime of which he stands convicted." In light of the court's reasonable findings concerning the evidence presented, the court's conclusion to the contrary is sound and does

not merit further review. Having carefully reviewed the record and briefs, we conclude that the court's denial of the petitioner's petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.