## CITY OF NEW LONDON *v.* FOSS AND BOURKE, INC.
### (SC 17308)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

Argued October 26—officially released December 27, 2005

*C. George Kanabis*, with whom, on the brief, was *Renee Marie Houle*, for the appellant (defendant).

*David P. Condon*, with whom was *Edward B. O'Connell*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether the Appellate Court properly concluded that

the assembled economic unit doctrine[1] was not applicable to the trial court's determination of the value of the property taken pursuant to the eminent domain powers of the plaintiff, the city of New London. Specifically, the plaintiff, acting through the New London Development Corporation, commenced a condemnation action under the authority of chapter 132 of the General Statutes to acquire property owned by the defendant, Foss and Bourke, Inc. The plaintiff determined that the fair market value to be paid to the defendant as compensation for the taking of the subject property was $336,000. The defendant filed an appeal to the Superior Court and an application for review of the statement of compensation challenging the validity of the plaintiff's valuation of the defendant's property. Subsequently, the defendant filed an amended appeal claiming that certain fixtures and trade fixtures, were taken in addition to the previously defined real property. The defendant also alleged that it had not received just compensation for the subject real property, had not received any compensation for the trade fixtures lost as part of the taking, and that the court should have applied the assembled economic unit doctrine to determine value.

[1] The assembled economic unit doctrine is "a principle of Pennsylvania state law which requires the state to include in eminent domain awards an allowance for machinery, equipment and fixtures which cannot be economically moved to a new location." (Internal quotation marks omitted.) *New London* v. *Foss & Bourke, Inc.*, 85 Conn. App. 275, 279, 857 A.2d 370 (2004). In particular, the assembled economic unit doctrine provides: "[W]hen the nature of the business requires a unique building for its operation, such that no other building within a reasonable distance is adaptable to the functioning of [the] business, then the condemned building, itself, will be considered an essential part of any meaningful economic unit in [the] industry. In this situation, even though all or most of the machinery, equipment and fixtures are removable, since no new site is available, [the] condemnee cannot maintain his economic position by relocating. Therefore, all machinery, equipment and fixtures which are vital to the economic unit and a permanent installation therein will be considered part of the real estate of the condemned property . . . ." *Singer* v. *Oil City Redevelopment Authority*, 437 Pa. 55, 67, 261 A.2d 594 (1970).

The trial court rejected the defendant's attempt to have the court apply the assembled economic unit doctrine and applied instead a traditional fixture analysis in determining the scope of the taking and the just compensation due to the defendant. The defendant then appealed from the trial court's judgment to the Appellate Court claiming, inter alia, that the trial court improperly had determined that certain tangible and intangible personal property were not part of the condemned real estate, and that the assembled economic unit doctrine, which already implicitly had been adopted in Connecticut, was applicable. The Appellate Court affirmed the judgment of the trial court; *New London* v. *Foss & Bourke, Inc.*, 85 Conn. App. 275, 284, 857 A.2d 370 (2004); and upheld the rejection of the doctrine on the ground that "[n]o Connecticut court ha[d] adopted the assembled economic unit doctrine," and that "[a]ll of the Connecticut cases that the defendant relie[d] on consistently appl[ied] the principle that just compensation in an eminent domain action [was] based on the market value of the condemned property and in accordance with the traditional fixture analysis." Id., 280. We granted the defendant's petition for certification to review whether the Appellate Court properly had concluded that the assembled economic unit doctrine was inapplicable to the valuation of the defendant's property.[2]

After thoroughly examining the entire record on appeal and considering the briefs and oral arguments of the parties, we conclude that the appeal in this case should be dismissed on the ground that certification was improvidently granted. Specifically, we have deter-

[2] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the trial court's determination that the assembled economic unit doctrine was not applicable to the determination of the value of the property taken by eminent domain?" *New London* v. *Foss & Bourke, Inc.*, 271 Conn. 946, 861 A.2d 1177 (2004).

mined that, even if we were to conclude that the assembled economic unit doctrine implicitly has been adopted within the state, or that it should be adopted on a prospective basis, the record in the present case does not support its application. By way of example, as described in footnote 1 of this opinion, one requirement of the assembled economic unit doctrine is that the condemnee has the burden of demonstrating that the "business requires a unique building for its operation, such that no other building within a reasonable distance is adaptable to the functioning of [the] business . . . ." *Singer* v. *Oil City Redevelopment Authority*, 437 Pa. 55, 67, 261 A.2d 594 (1970). The trial court failed to make any findings on this issue. Moreover, our review of the record indicates that there is inadequate evidence to support the conclusion that there was not a location within a reasonable distance capable of being adapted to the unique requirements of the defendant's business. Therefore, prudence suggests that we postpone our determination of the certified issue "until we are presented with facts that squarely and necessarily require us to address the question. We are more likely to answer the question soundly when the *actual outcome* of the case is likely to depend on the answer to the legal question." (Emphasis in original.) *Clarke* v. *Commissioner of Correction*, 249 Conn. 350, 357, 732 A.2d 754 (1999).

In reaching this decision, we "reiterate that, just as a denial by us of certification to appeal from a judgment of the Appellate Court in any given case should not be understood as either approval or disapproval of the opinion of that court; *State* v. *Doscher*, 172 Conn. 592, 376 A.2d 359 (1977); similarly, a dismissal of a certified appeal on the ground that certification was improvidently granted should not be understood as either approval or disapproval of the decision from which certification to appeal was originally granted." *Clarke*

v. *Commissioner of Correction*, supra, 249 Conn. 358. Accordingly, if and when we are presented with a case in which there is sufficient evidence that the factual predicates of the assembled economic unit doctrine have been met, we will undertake to resolve the question of whether the doctrine is applicable in Connecticut.

The appeal is dismissed.