ANTHONY JONES *v.* COMMISSIONER OF
CORRECTION
(AC 26694)

Schaller, DiPentima and McLachlan, Js.

Argued October 27—officially released December 19, 2006

*Craig A. Barton*, special public defender, for the
appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Anthony Jones,
appeals following the denial of certification to appeal
from the judgment denying his petition for a writ of
habeas corpus. On appeal, the petitioner claims that
the habeas court (1) abused its discretion in denying his
petition for certification to appeal and (2) improperly
denied the habeas petition. We dismiss the petition-
er's appeal.

The facts of the underlying criminal trial are set forth
in *State* v. *Jones*, 59 Conn. App. 762, 757 A.2d 689 (2000),
cert. denied, 255 Conn. 924, 767 A.2d 99 (2001), in which
this court affirmed the petitioner's conviction of larceny
in the first degree in violation of General Statutes
§§ 53a-119 and 53a-122 (a) (3), robbery in the second
degree in violation of General Statutes § 53a-135 (a) (1)

and of being a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a).

On January 21, 2003, the petitioner filed a petition for a writ of habeas corpus, alleging that his trial counsel, attorney Auden Grogins, provided ineffective assistance of counsel. He also set forth a claim of actual innocence. Specifically, the petitioner claimed that Grogins was deficient in three ways. First, she did not challenge adequately the fair market value of the victim's stolen motor vehicle; second, she failed to produce a certain witness at trial; and third, she failed to introduce into evidence a stolen vehicle report that would have proved exculpatory, as well as supported the actual innocence claim.

Following an evidentiary hearing, the court issued a thorough and comprehensive memorandum of decision in which it concluded that the petitioner failed to sustain his burden of proof with respect to both *Strickland*[1] prongs and his claim of actual innocence. The court then denied the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal.

We begin by setting forth the applicable standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . *Simms* v. *Warden*, 230

---

[1] *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Conn. 608, 612, 646 A.2d 126 (1994). In order for us to find that the habeas court abused its discretion, the petitioner first must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 616, citing *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)." (Internal quotation marks omitted.) *Gibson* v. *Commissioner of Correction*, 98 Conn. App. 311, 314, 908 A.2d 1110 (2006).

After reviewing the entire record before us, including the briefs, file, exhibits and transcripts, we conclude that the petitioner has not satisfied any of the required criteria and therefore has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.