DUANE B. JOHNSON *v.* COMMISSIONER OF
CORRECTION
(AC 27143)

Schaller, Lavine and Pellegrino, Js.

Submitted on briefs March 26—officially released May 29, 2007

*Richard C. Marquette,* special public defender, filed a brief for the appellant (petitioner).

*Patricia M. Froehlich,* state's attorney, and *Harry D. Weller* and *Jo Anne Sulik,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Duane B. Johnson, appeals following the denial of certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly denied the habeas petition. Specifically, the petitioner argues that the court improperly (1) concluded that he was provided with effective assistance of counsel and (2) rejected his claim of actual innocence. We dismiss the petitioner's appeal.

The facts of the underlying criminal trial are set forth in *State* v. *Johnson,* 241 Conn. 702, 699 A.2d 57 (1997), in which our Supreme Court affirmed the petitioner's

conviction of felony murder in violation of General Statutes § 53a-54c, burglary in the first degree in violation of General Statutes §§ 53a-101 (a) and 53a-8, larceny in the third degree in violation of General Statutes §§ 53a-119, 53a-124 (a) (2) and 53a-8 and twenty counts of stealing a firearm in violation of General Statutes §§ 53a-212 and 53a-8. *State* v. *Johnson*, supra, 704–706. Our Supreme Court ordered that the petitioner's conviction for capital felony in violation of General Statutes § 53a-54b (1) be vacated and that he be resentenced on the felony murder conviction. *State* v. *Johnson*, supra, 721. Following this remand, the court imposed a total effective sentence of sixty years incarceration.

On August 18, 2005, the petitioner filed a revised, amended petition for a writ of habeas corpus alleging that his trial counsel, attorney Arthur P. Meisler, provided ineffective assistance of counsel. The petitioner also set forth a claim of actual innocence. Following an evidentiary hearing,[1] the court issued a thorough and comprehensive memorandum of decision in which it concluded that, with respect to the issue of sentence review, Meisler had been ineffective, and, as a result, the petitioner had suffered prejudice. With respect to the remaining claims relating to counsel's performance, the court concluded that Meisler had provided "quality representation." Furthermore, the court rejected the petitioner's claim of actual innocence. With the exception of restoring the petitioner's right to seek sentence review, the court denied the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal.

"We begin by setting forth the applicable standard of review. Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an

---

[1] The petitioner; the petitioner's father, Cunard Johnson; and Meisler's assistant, Debra McKoy, testified at the hearing. The parties stipulated that Meisler had died on March 23, 2001.

abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In order for us to find that the habeas court abused its discretion, the petitioner first must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Jones* v. *Commissioner of Correction*, 98 Conn. App. 760, 761–62, 912 A.2d 496 (2006), cert. denied, 281 Conn. 910, 916 A.2d 50 (2007).

I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claims of ineffective assistance of counsel. Specifically, the petitioner argues that Meisler was deficient in three ways. First, he failed to advise the petitioner properly regarding a plea agreement offered prior to trial; second, he failed to advise him adequately regarding the range of sentences available to the court if the petitioner was convicted; and third, he did not adequately advise him as to his defense.[2]

---

[2] The petitioner stated in his brief that "trial counsel failed to advise and take appropriate action within thirty days after [the] petitioner's sentencing to file on his behalf, an application for sentence review pursuant to [General Statutes] § 51-195, after sentencing." He further argued that Meisler's performance was deficient in that "he clearly did not take steps to protect the petitioner's right to sentence review within thirty days after he was sentenced . . . ."

As noted, the court found in favor of the petitioner with respect to his sentence review claim and restored his right to seek sentence review. The petitioner, therefore, is not aggrieved by that aspect of the judgment. "[P]roof

"The standard that governs the granting of a petition for a writ of habeas corpus for ineffective assistance of counsel is . . . well established under the [requirements set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const., amend. VI. It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 100 Conn. App. 94, 101–102, 917 A.2d 555 (2007).

The court found that the petitioner failed to meet his burden of proof with respect to either *Strickland* prong. Moreover, the court questioned the petitioner's credibility as a result of his admission that he previously had lied to the police. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court

---

of aggrievement is . . . an essential prerequisite to the court's jurisdiction of the subject matter of the appeal. . . . Ordinarily, a party that prevails in the trial court is not aggrieved. . . . Moreover, [a] party cannot be aggrieved by a decision that grants the very relief sought." (Internal quotation marks omitted.) *Whitaker* v. *Commissioner of Correction*, 90 Conn. App. 460, 469 n.18, 878 A.2d 321, cert. denied, 276 Conn. 918, 888 A.2d 89 (2005). To the extent that the petitioner requests this court to review his sentence review claim, we conclude that we lack subject matter jurisdiction to do so.

unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted; internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, 80 Conn. App. 499, 503, 835 A.2d 1036 (2003), cert. denied, 267 Conn. 918, 841 A.2d 1190 (2004).

The basis for all of the petitioner's allegations relating to his claim of ineffective assistance of counsel stems primarily from his testimony regarding Meisler's conduct. The court weighed the credibility of the petitioner's testimony, as well as that of the other witnesses, and determined that he failed to meet his burden of establishing that he was denied constitutionally adequate representation. Given our limited standard of review, we cannot conclude that this determination was improper.

After reviewing the entire record before us, including the briefs, file, exhibits and transcripts, we conclude that the petitioner has not satisfied any of the required criteria and, therefore, has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

II

The petitioner next claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim of actual innocence. Specifically, he argues that the court improperly evaluated his claim of innocence. We disagree.

"[A] substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial. . . . To prevail on a claim of actual innocence, the petitioner must satisfy two criteria. First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Internal quotation marks omitted.) *Batts* v. *Commissioner of Correction*, 85 Conn. App. 723, 725–26, 858 A.2d 856, cert. denied, 272 Conn. 907, 863 A.2d 697 (2004).

The court found that, even if it were to credit his testimony, the events described by the petitioner "clearly [met] the elements for felony murder, and it is abundantly clear that the jury reached the correct decision in finding guilt on that count. Moreover, this evidence was always available to the petitioner since it is his own testimony that he complains was not presented to the jury." In other words, there was no newly discovered evidence to support the claim of actual innocence.

"Our Supreme Court has deemed the issue of whether a habeas petitioner must support his claim of actual innocence with newly discovered evidence an open question in our habeas jurisprudence. *Clarke* v. *Commissioner of Correction*, 249 Conn. 350, 358, 732 A.2d 754 (1999). This court, however, has held that a claim of actual innocence must be based on newly discovered

evidence. *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 379, 682 A.2d 618 (1996), appeal dismissed, 249 Conn. 350, 732 A.2d 754 (1999). [A] writ of habeas corpus cannot issue unless the petitioner first demonstrates that the evidence put forth in support of his claim of actual innocence is newly discovered. *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 530, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 692 A.2d 1231 (1997). This evidentiary burden is satisfied if a petitioner can demonstrate, by a preponderance of the evidence, that the proffered evidence could not have been discovered prior to the petitioner's criminal trial by the exercise of due diligence." (Internal quotation marks omitted.) *Batts* v. *Commissioner of Correction*, supra, 85 Conn. App. 726–27. We agree that the petitioner failed to offer any newly discovered evidence before the habeas court.

The court further found that regardless of whether the petitioner's evidence was newly discovered, the petitioner failed to present clear and convincing evidence of his actual innocence. The petitioner's testimony indicated that he had participated in a burglary with his brother, who, during the course of the burglary, shot and killed a state police trooper. Moreover, the petitioner did not present any evidence regarding the affirmative defense contained in § 53a-54c. We conclude, therefore, that the court properly denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus with respect to his claim of actual innocence.

The appeal is dismissed.