JOSEPH HILL *v.* COMMISSIONER OF CORRECTION
(AC 27485)

DiPentima, Lavine and McDonald, Js.

Argued May 30—officially released September 11, 2007

*Anthony E. Parent,* special public defender, for the appellant (petitioner).

*Denise B. Smoker,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Paul J. Ferencek,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Joseph Hill, appeals from the judgment of the habeas court denying his third

amended petition for a writ of habeas corpus. On appeal, the petitioner claims that he was denied (1) due process of law because the trial court improperly instructed the jury on a crime with which he had not been charged[1] and (2) the effective assistance of trial counsel because counsel failed (a) to ensure that the jury did not see the petitioner in prison garb and shackles and (b) to object to the court's instruction as to accessorial liability.[2] We affirm the judgment of the habeas court.

The following facts, as found by the court, are relevant to our review of the petitioner's claim that his trial counsel provided ineffective assistance by failing to ensure that the jury did not see the petitioner in prison garb and shackles. In his third amended petition for a writ of habeas corpus, the petitioner alleged that his criminal convictions under three docket numbers should be vacated and the cases remanded for further

---

[1] We decline to review this claim because it was not alleged in the subject petition for a writ of habeas corpus. See *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 181, 774 A.2d 148 (2001) (petitioner may rely only on what he has alleged); *Jenkins* v. *Commissioner of Correction*, 52 Conn. App. 385, 406, 726 A.2d 657 (purpose of petition is to put respondent on notice of claims made), cert. denied, 249 Conn. 920, 733 A.2d 233 (1999).

The petitioner asks us to review this claim pursuant to the plain error doctrine. See Practice Book § 60-5. In the current appeal, we are reviewing the findings and conclusions of the habeas court, not the trial court. Claims concerning the trial court must be raised in a direct appeal. To present a reviewable claim concerning the trial court in a habeas appeal, the petitioner must demonstrate "good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 40, 779 A.2d 80 (2001).

[2] In his petition for a writ of habeas corpus, the petitioner alleged that counsel failed to object to the court's confusing jury instruction as to intent with respect to robbery. The claim regarding the instruction on accessorial liability was raised for the first time on appeal, and we therefore will not afford it review. See *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 335, 876 A.2d 600 (reviewing court not bound to consider claims unless record demonstrates question distinctly raised and ruled on by habeas court), cert. denied, 276 Conn. 909, 886 A.2d 423 (2005).

proceedings. The petition sounded in two counts, each alleging the ineffective assistance of trial counsel.

The first count concerned two cases in which the petitioner was charged with violation of probation. The trial court, *Kavanewsky, J.*, found that the petitioner had violated probation and sentenced him to two years and two months in prison. The second count of the petition for a writ of habeas corpus concerned charges of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (3), and assault in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-60 (a) (2). The jury found the petitioner guilty of attempt to commit robbery in the first degree and not guilty of assault in the second degree as an accessory. The court, *Comerford, J.*, sentenced the petitioner to ten years incarceration consecutive to the sentence for violation of probation.

Preliminarily, the habeas court set out the claims of ineffective assistance of counsel raised in each of the counts of the petition for a writ of habeas corpus. With regard to the allegations of count two, which included that the petitioner's "trial attorney did not object to [the petitioner's] wearing state-issue pants and leg irons during the course of the jury trial," the court concluded that "no credible evidence was proffered by the petitioner at the habeas trial, so the court will deem them abandoned." The court granted in part[3] and denied in

[3] In his third amended petition for a writ of habeas corpus, the petitioner alleged that he was denied the effective assistance of counsel because trial counsel failed to advise him of his appellate rights for the conviction of attempt to commit robbery in the first degree. At the habeas trial, trial counsel admitted that he failed to file an appeal in a timely matter. The court found that trial counsel's performance was deficient in that regard and that the petitioner was prejudiced thereby. The court granted the petition for a writ of habeas corpus in part and restored the petitioner's right to file an appeal. See *State* v. *Hill*, 102 Conn. App. 584, 925 A.2d 1220 (2007) (conviction affirmed).

part the petition for a writ of habeas corpus and granted the petition for certification to appeal. Following the filing of his appeal, the petitioner filed a motion for articulation, claiming that he had raised the issue of his appearance before the jury in his petition for a writ of habeas corpus and had presented evidence on the issue during the habeas trial. He argued that the court's memorandum of decision was unclear or incomplete in setting forth the factual or legal basis for the decision and asked the court for an articulation. The court granted the motion for articulation.

In its articulation, the court stated, in part, that the "only evidence presented at the habeas trial by the petitioner was his own testimony that he wore a checkered shirt and brown pants, the latter being prison issued khakis, and had on leg shackles. The petitioner testified that he was attired in the same clothing every day of the trial. Lastly, the petitioner testified that the leg shackles were removed immediately before he took the [witness] stand in his own defense. The shackles were removed, according to the petitioner, in the presence of the jury." The court found that trial counsel testified that he could not remember what the petitioner wore during the trial or if the petitioner was in shackles. If the shackles were visible to the jury, however, counsel testified that he would have raised an objection. The transcript of the jury trial reflects no objection to or other mention of shackles. Referring to this claim and to the petitioner's testimony, the court found that the petitioner presented no credible evidence to support his claim.

The court noted that in order to prevail on a claim of ineffective assistance of counsel, the petitioner had to demonstrate that counsel's performance was both deficient and prejudicial. The court concluded that the petitioner failed to meet his burden of proof that either

counsel's performance was deficient or that the petitioner was prejudiced by such deficiency. The court reasoned that "the baselessness of the clothing-shackling claim is underscored by the fact that the jury only [found the petitioner guilty] of the charge of attempt to commit robbery in the first degree. The same jury also found the petitioner *not guilty* of the charge of assault in the second degree. . . . It stands to reason that if the petitioner's clothing-shackling claim were to have any plausibility at all, the jury would have [found him guilty] of both counts." (Citation omitted; emphasis in original.)

"The standard that governs the granting of a petition for a writ of habeas corpus for ineffective assistance of counsel is . . . well established under the [requirements set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const., amend. VI. It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 101 Conn. App. 465, 468, 922 A.2d 221 (2007).

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they

are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) Id., 468–69.

On the basis of our review of the record and the briefs and arguments of the parties, we conclude that the court properly concluded that trial counsel did not render ineffective assistance to the petitioner. In order to prevail, the petitioner must demonstrate both deficient performance and prejudice. We affirm the judgment of the court on the basis of its finding that the petitioner presented no credible evidence to prevail on this claim.

The judgment is affirmed.

In this opinion the other judges concurred.