******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v*. JAMES P. CARTER, JR.
(SC 19384)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Robinson, Js.

Argued November 4, 2015—officially released March 8, 2016

*Glenn W. Falk*, assigned counsel, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Paul N. Rotiroti*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, James P. Carter, Jr., was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a and criminal violation of a restraining order in violation of General Statutes (Rev. to 2009) § 53a-223b (a) (1) (A) (2) (D),[1] for the fatal stabbing of his former girlfriend, Tiana Notice (victim), on February 14, 2009. The defendant appealed from the trial court's judgment, claiming that his conviction of criminal violation of a restraining order was improper because the state adduced insufficient evidence to prove beyond a reasonable doubt that he had violated § 53a-223b (a) (1) (A) (2) (D).[2] Specifically, the defendant contended that the state had failed to prove that a restraining order was in effect on the date of the crime, that such an order prohibited him from assaulting the victim, and that he had knowledge of the terms of that order insofar as it imposed that prohibition. *State* v. *Carter*, 151 Conn. App. 527, 532, 534–35, 95 A.3d 1201 (2014).

The Appellate Court affirmed the judgment of conviction. Id., 529. It concluded that, although the state had proffered only the ex parte restraining order issued on January 8, 2009, which would have expired by its terms on January 16, 2009; id., 529–30; there was a reasonable evidentiary basis for the jury to infer that another order had been issued that was in effect on the date of the crimes.[3] Id., 535. The Appellate Court cited statements by the defendant on the day of the crimes admitting that there was a restraining order in effect, as well as a statement and actions by the police indicating that such an order was in effect. Id., 535–36. As to the terms of that order, the Appellate Court referred to the ex parte order, which, inter alia, barred the defendant from contacting or assaulting the victim, and reasoned that, because the defendant had continued to engage in the same conduct that had given rise to the ex parte order (unwanted communication with the victim) after issuance of that order, it would be reasonable to infer that the subsequent order would have imposed the same terms as the ex parte order. Id., 536–37. Finally, as to the defendant's knowledge of the terms of the order, including a prohibition on assaulting the victim, the Appellate Court relied on the defendant's statements to the police that he knew that there was a "full" restraining order against him and that he knew that he could not send the victim anything. Id., 535–36.

The defendant filed a petition for certification to appeal to this court, contending that review was warranted because the Appellate Court's decision contravened the best evidence rule and case law holding that evidence other than an original document is insufficient proof when the effective date and terms of that document are at issue. We granted the defendant's petition, limited to the following issue: "Did the Appellate Court

properly conclude that there was sufficient evidence of a restraining order in effect that prohibited the defendant from assaulting the victim?" *State* v. *Carter*, 314 Conn. 915, 100 A.3d 850 (2014).

After having read the record and the parties' appellate briefs and after having considered their oral arguments, we have determined that certification of this matter was improvidently granted. The defendant no longer advances the broad proposition asserted in his petition for certification; indeed, at oral argument, he conceded that an original restraining order would not necessarily be required evidence in every case if other testimonial and documentary evidence provided a sufficient basis to prove the document's terms beyond a reasonable doubt. Instead, he contends that the Appellate Court's conclusion was too speculative in light of the evidence proffered in the present case. In light of the shift in the defendant's focus, we conclude that certification was improvidently granted. See Practice Book § 84-2 (basis for certification by Supreme Court).

In dismissing this appeal, we take no position as to the correctness of the Appellate Court's opinion. See *Williams* v. *Commissioner of Correction*, 240 Conn. 547, 549 n.1, 692 A.2d 1231 (1997); see also *New London* v. *Foss & Bourke, Inc.*, 276 Conn. 522, 525, 886 A.2d 1217 (2005) ("a dismissal of a certified appeal on the ground that certification was improvidently granted should not be understood as either approval or disapproval of the decision from which certification to appeal was originally granted" [internal quotation marks omitted]).

The appeal is dismissed.

[1] General Statutes (Rev. to 2009) § 53a-223b (a) provides in relevant part: "A person is guilty of criminal violation of a restraining order when (1) (A) a restraining order has been issued against such person pursuant to section 46b-15 . . . and (2) such person, having knowledge of the terms of the order . . . (D) threatens, harasses, assaults, molests, sexually assaults or attacks a person in violation of the order."

[2] The defendant was sentenced to sixty years imprisonment on the murder conviction and five years imprisonment on the criminal violation of a restraining order conviction, the sentences to run concurrently. As the Appellate Court properly noted, the defendant's appeal of the lesser sentence is not rendered moot simply because we cannot afford him relief in terms of the length of his sentence. See *State* v. *Carter*, 151 Conn. App. 527, 532 n.6, 95 A.3d 1201 (2014) (citing collateral consequences of conviction).

[3] We assume that the state's failure to proffer the restraining order in effect at the time of the crimes was inadvertent. A restraining order agreement, signed by the defendant and approved by the court, *Prestley, J.*, on January 16, 2009, bearing an expiration date of July 16, 2009, is in the family court case file. That order barred the defendant from, inter alia, "having any contact in any manner" with the victim or "threatening, harassing, stalking, assaulting, molesting, sexually assaulting or attacking" the victim. *Notice* v. *Carter*, Superior Court, judicial district of New Britain, Docket No. FA-09-4019552 (January 16, 2009); see *Getty Properties Corp.* v. *ATKR, LLC*, 315 Conn. 387, 391 n.3, 107 A.3d 931 (2015) (taking judicial notice of files in other cases); *Jewett* v. *Jewett*, 265 Conn. 669, 678–79 n.7, 830 A.2d 193 (2003) (same).