[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The defendant, Surecomp Services, Inc., moves to dismiss on the following grounds: (1) that the plaintiff, Advanced Technology Enterprises Corp., is barred from bringing this action because it is a foreign corporation transacting business in this state without a certificate of authority; (2) that the Connecticut long arm statute does not authorize jurisdiction over the defendant; and (3) that it would violate due process to exercise jurisdiction over the defendant.
The court will not dismiss the action on the ground that the plaintiff did not obtain a certificate of authority because it does not pertain to the court's jurisdiction. "Pursuant to Practice Book § 160, [now § 10-46,] if a defendant intends to controvert the capacity of a corporate plaintiff to maintain a suit, the proper procedural vehicle to raise that issue is by way of a special defense in his answer." (Internal quotation marks omitted.) Package Masters v. Berry, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 172587 (March 7, 2000, D'Andrea). Accordingly, the court will not grant the motion to dismiss on the ground that the plaintiff does not have a certificate of authority. See id.; American Corp. v. Two River Road, CT Page 13691 LLC., Superior Court, judicial district of New Haven at New Haven, Docket No. 367007 (December 15, 1995, Celotto, S.T.R.).
The court denies the motion to dismiss on the ground that the defendant consented to jurisdiction in Connecticut. "The allegation that the defendant was licensed to do business in this state was sufficient to show that this state had authorized the assertion of jurisdiction over the defendant, and that the defendant had consented to that assertion of jurisdiction." Wallenta v. Avis Rent A Car System, Inc.,10 Conn. App. 201, 208, 522 A.2d 820 (1987). Here, the defendant registered to do business in the state of Connecticut thereby consenting to this court's jurisdiction. See Wender v. Trading Cove Associates, Superior Court, judicial district of New London at New London, Docket No. 549346 (May 21, 1999, Martin, J.) ("by obtaining a certificate of authority . . . [the defendant] consented to the exercise of jurisdiction . . .); Xerox Corp. v. Axel Johnson Energy Development, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125804 (April 2, 1993, Lewis, J.) ("`a foreign corporation which has appointed an agent for service of process . . . has acknowledged that it is conducting business within this state . . . subject to suit
The court further denies the motion to dismiss on the ground that exercising jurisdiction over the defendant does not violate due process. "The due process test for personal jurisdiction has two related components: the "minimum contacts' inquiry and the "reasonableness' inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction. . . . The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice — that is, whether it is reasonable under the circumstances of the particular case. . . ." (Internal quotation marks omitted.) Panganiban v.Panganiban, 54 Conn. App. 634, 639-40, 736 A.2d 190, cert. denied,251 Conn. 920, 742 A.2d 359 (1999). Here, the plaintiff claims that the defendant did not pay it the fee for finding employees to work for the defendant in Connecticut. The plaintiff called and received telephone calls from the defendant's representatives in Connecticut. Consequently, the defendant had sufficient minimum contacts with Connecticut, and it would not be unreasonable to exercise jurisdiction over the defendant. Accordingly, the court denies the defendant's motion to dismiss because the defendant consented to jurisdiction, and the exercise of jurisdiction does not violate due process.
KARAZIN, J. CT Page 13692