[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Darrel Fudge, brings this one-count premises liability action against the defendant, Alliant Foodservice, Inc., arising out of slip and fall incident on February 8, 2001. The defendant is a Delaware corporation with a principal place of business in Illinois. In addition, the defendant operates its business at 755 Pierce Road, Clifton Park, New York where the plaintiff claims he was injured when he fell due to ice and/or snow on the pavement of the unloading dock, while attempting to make a delivery. Specifically, the plaintiff alleges that the defendant was negligent in failing to provide a reasonably safe premises, failing to sand or salt the unloading dock area, and/or failing to warn the plaintiff of a dangerous condition. The defendant is authorized by the secretary of the state to transact business in Connecticut.
In response to the complaint, the defendant timely filed the present motion to dismiss. The defendant argues that the court lacks personal jurisdiction because the applicable long-arm statute, General Statutes § 33-929 (f), does not permit the exercise of jurisdiction over it, namely, the plaintiffs cause of action does not arise out of a contact, or from its solicitation of business in Connecticut, or from its placing goods into the stream of commerce or its conduct in Connecticut. The CT Page 8808 defendant further claims that a foreign corporation's registration to do business is not sufficient to satisfy the long-arm statute. Alternatively, the defendant argues that even if Connecticut has personal jurisdiction over the defendant, the case should be dismissed based on forum non conveniens because the cause of action arose in New York, the potential witnesses are from New York, the defendant can implead a certain third party in New York, which it cannot do in Connecticut, and that the plaintiff has failed to demonstrate that his interests would be harmed by litigating the case in New York.
The plaintiff opposes the motion contending that the court has personal jurisdiction over the defendant because it is registered with the secretary of the state to do business in Connecticut and has continuous and systematic contacts with Connecticut.[1] Therefore, the plaintiff asserts that § 33-929 (f) does not apply but rather § 33-929 (a) authorizes the exercise of jurisdiction over the defendant. The plaintiff also argues that litigating the cause of action in Connecticut does not violate the doctrine of forum non conveniens because the interests of the plaintiff in litigating in Connecticut outweigh the interests of the defendant in litigating in New York and there is a strong presumption in favor of the plaintiffs choice of forum.
 -I- A Legal Standard
Pursuant to Practice Book § 10-30, "[a]ny defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss. . . ." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). It admits all facts well pleaded; Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); and looks at the facts in the light most favorable to the plaintiff. Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "[I]n the establishment of facts pertaining to personal jurisdiction, it is the plaintiff who bears the burden of proof." Lombard Bros., Inc. v. GeneralAsset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983).
 B
CT Page 8809 Personal Jurisdiction
The defendant first claims that the court lacks personal jurisdiction over it.
As a general rule, "[w]hen a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Olson v. Accessory Controls Equipment Corp.,54 Conn. App. 506, 514, 735 A.2d 881, aff'd on other grounds,254 Conn. 145, 757 A.2d 14 (1999). In the present case, however, the defendant has moved to dismiss on purely statutory grounds arguing that the long-arm statute, General Statutes § 33-929 (f), does not authorize the assertion of personal jurisdiction. Specifically, the defendant states, "the court need not address the constitutional limitations on jurisdiction . . ." and thus never claims nor briefs the argument that the court's exercise of personal jurisdiction over it would violate its due process rights. (Defendant's Memorandum, filed December 21, 2001, p. 5.) The court, therefore, does not address the issue of whether or not the assertion of personal jurisdiction in the case offends due process.[2]
The defendant takes the position that the statute applicable in the present case is General Statutes § 33-929 (f), which states: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance." CT Page 8810
Section 33-929 (f) does not apply when the foreign corporation is authorized to conduct business in this state and has appointed an agent to accept service of process for it in Connecticut. Wallenta v. Avis RentA Car System, Inc., 10 Conn. App. 201, 206-08, 522 A.2d 820 (1987). "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." United States Trust Co. v. Bohart,197 Conn. 34, 39, 495 A.2d 1034 (1985). When a foreign corporation authorizes "an agent or public official to accept service of process in actions brought against it, the corporation consents to the exercise by the state of judicial jurisdiction over it as to all causes of action to which the authority of the agent or official extends. This consent is effective even though no other basis exists for the exercise of jurisdiction over the corporation. 1 Restatement (Second), Conflict of Laws § 44, comment (a)." Wallenta v. Avis Rent A Car System, Inc., supra, 207-08. Therefore, when a foreign corporation is authorized to conduct business here and has appointed a registered agent, nothing in § 33-929 (f) limits the court's exercise of personal jurisdiction over the corporation. Id. Instead, "[t]he allegation that the defendant [is] licensed to do business in this state [is] sufficient to show that this state [has] authorized the assertion of jurisdiction over the defendant, and that the defendant [has] consented to that assertion of jurisdiction." Id., 208.
In the present case, the plaintiff has submitted documents properly signed and certified by the secretary of the state including the defendant's original application for certificate of authority for a foreign corporation and appointment of a registered agent for service of process in Connecticut. These documents establish that the defendant is authorized to transact business in the state and has a registered agent for service of process.[3]
The defendant argues, however, that Wallenta v. Avis Rent A CarSystem, Inc., supra, 10 Conn. App. 201, has been wrongly interpreted and cites several cases which it contends stand for the proposition that merely registering with the secretary of the state and naming an agent for service of process does not constitute consent to jurisdiction. These cases, however, are all distinguishable and of limited persuasive value. See Mednet, MPC Corp. v. Spectera, Inc., supra, United States District Court, Docket No. 3:95cv2723 (AHN) (court provided no analysis or case law regarding defendant's appointment of agent for service of process as conferring personal jurisdiction over defendant); Connecticut GeneralLife Ins. Co. v. SVA, Inc., supra, 743 F. Sup. 107 (court's ruling relies on cases that pre-date Wallenta v. Avis Rent A Car System, Inc., supra, 10 Conn. App. 201); Delvecchio v. Dayton Hudson Corp., supra, Superior Court, Docket No. 430408 (fact that defendant was authorized to CT Page 8811 do business in state was considered to be irrelevant to court's decision).
This court relies instead with the opinions of numerous other Connecticut Superior Court judges specifically citing Wallenta v. AvisRent A Car System, Inc., supra, 10 Conn. App. 201, and whose interpretations are consistent with this court's interpretation. See, e.g., Advanced Technology Enterprises Corp. v. Surecomp Services, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175787 (November 8, 2000, Karazin, J.) (28 Conn.L.Rptr. 549) (holding that because the defendant registered to do business in the state, it consented to jurisdiction in state); Wender v. Trading Cove Associates, Superior Court, judicial district of New London at New London, Docket No. 549346 (May 21, 1999, Martin, J.) (stating that when a defendant has a certificate of authority it has consented to jurisdiction); Granger v.Marriott Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 398893 (October 28, 1993, Sullivan, J.) (denying motion to dismiss because foreign defendant was authorized to do business in state and had appointed agent for service in state); Xerox Corp. v.Axel Johnson Energy Development, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 125804 (April 2, 1993,Lewis, J.) (8 Conn.L.Rptr. 551) (finding personal jurisdiction over corporation because it had certificate of authority); Daddio v. HolidayInns, Superior Court, judicial district of New Haven, Docket No. 336126 (March 8, 1993, Hadden, J.) (finding that court had jurisdiction because defendant had certificate of authority to conduct business in state and had appointed agent for service in state).
In the present case, it is undisputed that the defendant is authorized to conduct business in this state and has an appointed agent for service of process in this state. The decision in Wallenta v. Avis Rent A CarSystem, Inc., supra, 10 Conn. App. 201, is therefore controlling. Id., 208.
 C Forum Non Conveniens
The defendant also argues that the motion to dismiss should be granted based on forum non conveniens. For the following reasons, the defendant's argument fails.
"The common law principle of forum non conveniens provides that a court may resist imposition upon its jurisdiction even when it has jurisdiction." (Emphasis in original; internal quotation marks omitted.)Union Carbide Corp. v. Aetna Casualty Surety Co., 212 Conn. 311, 314, CT Page 8812562 A.2d 15 (1989). "The common law doctrine of forum non conveniens is an exception to the general rule that a court must hear and decide cases over which it has jurisdiction by statute or constitution, and recognizes the discretion of a court, in some few instances, where jurisdiction and venue are proper . . . to dismiss a suit because the court has determined that another forum is better suited to decide the issues involved." (Citation omitted.) Sabino v. Ruffolo, 19 Conn. App. 402, 405-06,562 A.2d 1134 (1989). In determining whether to dismiss a cause of action based on forum non conveniens, the court must consider the strong presumption in favor of the plaintiffs choice of forum. See Piper AircraftCo. v. Reyno, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419, reh. denied, 455 U.S. 928, 102 S.Ct. 1296, 71 L.Ed.2d 474 (1981). "[A] plaintiffs choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would `establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiffs convenience,' or when the `chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." Id.
The court must apply a four step process when determining whether a cause of action should be dismissed based on forum non conveniens. Durkinv. Intevac, Inc., 258 Conn. 454, 466, 782 A.2d 103 (2001). "First, the court should determine whether an adequate alternative forum exists that possesses jurisdiction over the whole case. Pain v. United TechnologiesCorp., [637 F.2d 775, 784 (D.C. Cir. 1980), cert. denied, 454 U.S. 1128,102 S.Ct. 980, 71 L.Ed.2d 116 (1981)]. Second, the court should consider all relevant private interest factors with a strong presumption in favor of — or . . . a weakened presumption against disturbing — the plaintiffs' initial choice of forum. Id. Third, if the balance of private interest factors is equal, the court should consider whether any public interest factors tip the balance in favor of trying the case in the foreign forum. Id. Finally, if the public interest factors tip the balance in favor of trying the case in the foreign forum, `the court must . . . ensure that [the] plaintiffs can reinstate their [action] in the alternative forum without undue inconvenience or prejudice.' Id., 784-85." Durkin v. Intevac, Inc., supra, 466.
The defendant asserts, and the plaintiff concedes, that New York has jurisdiction over the present case. The parties disagree, however, as to what the relevant private interest factors are and whether they dictate that it is inconvenient for this court to hear the case. In determining this question, the court must look at certain factors. "[T]he relevant private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining attendance of willing CT Page 8813 witnesses; (3) the possibility of viewing the accident scene if such viewing is appropriate to the action; (4) the enforceability of a judgment; (5) the relative advantage and obstacles to a fair trial; and (6) all other practical problems that make the trial of a case easy, expeditious and inexpensive." Id., 467. In assessing these factors, "no single factor should be given undue weight." Id.
The defendant argues that the private interest factors support changing the forum from Connecticut to New York. Specifically, the defendant contends that New York is a more appropriate forum than Connecticut because the accident occurred in New York and it is impractical to view the scene of the accident if the case remains in Connecticut; many of the witnesses are located in New York and it would be expensive to go through the discovery process in New York and produce witnesses in Connecticut; medical witnesses cannot be compelled to testify in Connecticut; and the third party contractor cannot be joined if the case remains in Connecticut. The defendant also argues that if the court exercises personal jurisdiction over the defendant, a "substantial appellate issue" may arise, increasing the cost of trying the case and the length of time the court will take in resolving the case. (Defendant's Memorandum, filed December 21, 2001, p. 8.) To support its contention that Connecticut is an inconvenient forum to hear this case, the defendant submits driving directions, estimating the time it takes to travel between Clifton Park, New York, and Hartford, Connecticut, and the distance between the two points. The documents, however, are neither authenticated nor certified and as such, the court does not have to give weight to this evidence. Moreover, even if the court gave weight to the documents, they do not necessarily indicate that litigating the case in Connecticut would cause certain proof to be inaccessible.
Under the second factor, "the [defendant bears] the burden of identifying the key witnesses and establishing generally what their testimony will cover." Id., 472. "The [defendant] must go beyond a `mere assertion' that the evidence is in another forum . . . and must establish who the key witnesses are and that their testimony is material." Id. Here, the defendant merely asserts that the evidence and witnesses are in New York. The defendant does not give either the names of the witnesses or explains that their testimony is material to the present cause of action. The defendant, therefore, has failed to establish that its witnesses would be unavailable to testify in Connecticut.
Furthermore, with the advent of modern technology, this court is hard-pressed to find that testimony will be unavailable because the witness is not in the forum state. "Just as [j]et travel and satellite communications have significantly altered the meaning of `non conveniens' . . . so too has the advent of the videotaped deposition greatly CT Page 8814 transformed the meaning of `compulsory process' in a forum non conveniens calculus. [V]ideotaped depositions frequently make corporeal transportation of foreign witnesses unnecessary." (Citations omitted; internal quotation marks omitted.) Picketts v. International Playtex,Inc., 215 Conn. 490, 511, 576 A.2d 518 (1990).
The third factor requires the court to look at the private interest in viewing the accident scene. As the defendant argues, New York is the best forum for viewing the accident scene. Viewing the accident scene can be substituted, however, with the introduction of evidence such as "accident reports, pictures and the corroboration of witnesses. . . ." Phravixayv. Prakuson, Superior Court. judicial district of Ansonia-Milford at Milford, Docket No. 40709 (November 23, 1992, Jones, J.) (8 C.S.C.R. 7, 8). Moreover, in considering the fourth factor, the court knows of no reason why, and the defendant has not provided the court with a reason why, a judgment in Connecticut could not be enforced in New York. See id.
As to the fifth and sixth factors, the court must look at obstacles and practical problems that would result from having the case remain in Connecticut. The defendant's main concern with having Connecticut serve as the forum is that, under Connecticut law, it cannot implead a third party. The defendant's inability to implead a third party is a "major factor . . . militating in favor of dismissal. . . . Pain v. UnitedTechnologies Corp., supra, 637 F.2d 790." (Internal quotation marks omitted.) Durkin v. Intevac, Inc., supra, 258 Conn. 477. "[T]he inability to implead other potential wrongdoers is a factor that should be considered in determining whether the chosen forum is so inconvenient that the action should be dismissed. The inability to implead others because they are beyond the jurisdiction of the court burdens a defendant with bringing a separate subsequent action for contribution or indemnification should it be found liable to the plaintiff." Anderson v.Marriott Hotel Services, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 432587 (April 12, 2000, Alander, J.) (27 Conn.L.Rptr. 69, 70). Where a defendant cannot implead a third party in a certain forum, but can implead that party in another forum, "[t]he interest of judicial economy also counsels for one action, rather than two, wherever possible." Id.
The defendant seeks to implead the party it contracted with in New York to remove snow from its premises. It is undisputed that the defendant cannot implead this third party. The plaintiff argues that rather than dismissing the case because the defendant cannot implead the third party, the defendant can bring a cause of action in New York after a judgment is rendered in Connecticut. While the court acknowledged inAnderson v. Marriott Hotel Services, Inc., supra, 27 Conn.L.Rptr. 70, CT Page 8815 that the inability of the defendant to implead third parties was a factor to consider in determining where the appropriate forum is, the court held that it was only one factor to consider and that it did not "trump . . . the strong presumption favoring [the] plaintiff's choice of forum." Id. Furthermore, the court can find no authority suggesting that the inability to implead a third party, by itself, is enough to warrant the court's dismissal of an action based on forum non conveniens. Id.
Given the foregoing analysis, the defendant fails to demonstrate that the private interest factors weigh in his favor. While the defendant's inability to implead the third party impedes having Connecticut serve as the forum, this factor does not outweigh the rest of the factors, which lie in favor of maintaining Connecticut as the forum. With the private interest factors favoring the plaintiffs choice of forum, the court does not need to look at the public interest factors to determine where the appropriate forum is. See Durkin v. Invetac, Inc., supra, 258 Conn. 466
(Court should consider public interest factors when private interest factors are equal). Moreover, since the court must give weight to the plaintiffs choice of forum, the court finds that Connecticut is the appropriate forum. Therefore, the defendant's motion to dismiss based on the doctrine of forum non conveniens is denied.
 CONCLUSION
Accordingly, for all the foregoing reasons, the defendant's motion to dismiss is denied.
 ___________________, J. Peck