# PETER H. ERTEL *v.* ARTHUR J. ROCQUE, JR., COMMISSIONER OF ENVIRONMENTAL PROTECTION, ET AL.
## (AC 27488)

DiPentima, Gruendel and Robinson, Js.

Argued January 15—officially released May 27, 2008

*Peter H. Ertel,* with whom, on the brief, was *John R. Williams,* for the appellant (plaintiff).

*Robert J. Deichert,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellees (defendants).

*Opinion*

DiPENTIMA, J. The plaintiff, Peter H. Ertel, appeals from the judgment of the trial court dismissing his action against the defendants, Arthur J. Rocque, Jr., commissioner of environmental protection; David K. Leff, deputy commissioner of environmental protection; and Rachel R. Towbin, an employee of the department of environmental protection (department), in their official and individual capacities. The plaintiff claims that the court (1) impermissibly relied on agency determinations in rendering its decision and (2) improperly held that he had no property interest in either the permit the defendants revoked or the dock the defendants ordered him to remove.[1] We affirm the judgment of the trial court.

---

[1] The plaintiff raised three additional claims on appeal: (1) the court improperly dismissed his selective enforcement claims; (2) the court improperly held that the complaint failed to make the requisite allegations for awarding a nonmonetary prospective injunction; and (3) the court improperly dismissed the claims against Leff. These claims were not briefed adequately because the plaintiff failed to analyze the cases he cited and the facts of the present case. Thus, we decline to review these additional claims.

The following facts, spanning more than twenty-five years, underlie the present action. In 1981, the plaintiff applied to the department for a permit to extend a dock on property that he had purchased a short time earlier. The department issued the requested permit in June, 1982, and required the plaintiff to complete modification of the dock by June, 1985. In August, 1985, counsel for a neighboring landowner notified the department that the plaintiff had failed to comply with the terms of the permit. An employee of the department inspected the plaintiff's dock and found that it did not conform to the permit. The department objected to the change and, in a letter dated December 30, 1985, gave the plaintiff until April 15, 1986, to make changes to the dock in order to avoid suspension or revocation of the permit. In March, 1986, the plaintiff applied for a new permit that contained modified construction plans, but one year later he withdrew the application. The plaintiff submitted an amended application for expanding his dock in November, 1987.

In 1988, after concluding that the plaintiff had violated General Statutes §§ 22a-359 through 22a-363 by, inter alia, continuously exceeding the scope of the permit and knowingly and wilfully failing to remove unauthorized structures in a regulated area, the department revoked his permit and ordered him to remove the existing structures. After a public hearing requested by the plaintiff, an adjudicator for the commissioner issued a final decision and order that affirmed the revocation notice.[2] The plaintiff appealed from the final decision

See *Hartney* v. *Hartney*, 83 Conn. App. 553, 566, 850 A.2d 1098, cert. denied, 271 Conn. 920, 859 A.2d 578 (2004).

[2] Under General Statutes § 22a-6 (e), any person aggrieved by an order of the commissioner of the department may request a hearing before the commissioner, which will be conducted in accordance with the procedures provided by chapter 54 of the General Statutes. Under General Statutes § 22a-2, the commissioner has the authority to designate an agent to exercise his authority for the administration or enforcement of any applicable statute, regulation, permit or order.

to the Superior Court, which dismissed the appeal for lack of subject matter jurisdiction. The Appellate Court affirmed that decision. *Ertel* v. *Carothers*, 34 Conn. App. 18, 639 A.2d 1055 (1994).

After exhausting his appeals, the plaintiff brought a declaratory judgment action in the Superior Court seeking a clarification of the adjudicator's final decision. The court granted the plaintiff's request because it concluded that there might be a conflict between two parts of the final decision. On May 8, 2000, the department issued a clarification ruling in which it concluded that there was no conflict in the decision, and it ordered the plaintiff to comply with the final decision.

In February, 2003, the plaintiff brought the subject action against the defendants in their official and individual capacities, seeking injunctive relief based on violations of his state and federal rights to equal protection, freedom of speech, freedom to petition for the redress of grievances and procedural and substantive due process, and of his right against the taking of his property without just compensation. On August 27, 2003, the court granted the department's motion to dismiss the claims against Leff pursuant to the doctrine of judicial immunity. On January 21, 2005, the court granted the motion to dismiss as to the remaining defendants pursuant to the doctrine of sovereign immunity. This appeal followed.

We begin with the standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . .

Moreover, [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

I

The plaintiff claims that the court improperly took judicial notice of findings on which it granted the motion to dismiss. We disagree.

"A trial court's determination as to whether to take judicial notice is essentially an evidentiary ruling, subject to an abuse of discretion standard of review. . . . Trial courts have broad discretion in determining the relevancy and admissibility of evidence." (Internal quotation marks omitted.) *Simes* v. *Simes*, 95 Conn. App. 39, 51, 895 A.2d 852 (2006). An appellate court "is not bound to consider claims of law not made at the trial. . . . In order to preserve an evidentiary ruling for review, trial counsel must object properly." (Internal quotation marks omitted.) *Daley* v. *McClintock*, 267 Conn. 399, 404, 838 A.2d 972 (2004).

After a careful review of the record, we conclude that the plaintiff waived this claim because he did not object to the defendants' request that the court take judicial notice. On June 14, 2004, Rocque and Towbin filed their motion to dismiss and their memorandum of law in support of the motion, which requested that the court take judicial notice of the findings made and decisions rendered in the extensive litigation between the parties. In their memorandum, Rocque and Towbin used those findings in both the recitation of the facts and in the analysis, and they attached the court and agency decisions to their memorandum as exhibits. The plaintiff filed a memorandum of law in opposition to the motion on July 20, 2004, and did not raise an objection to

the request for judicial notice.[3] Rocque and Towbin filed their reply memorandum on August 30, 2004, more than four months before the court rendered its decision on the motion; in that memorandum, Rocque and Towbin drew attention to the fact that the plaintiff had not objected to their request. In its memorandum of decision on the motion to dismiss, the court noted that the plaintiff had not objected to the request. Moreover, at oral argument before this court, the plaintiff conceded that he had not objected to the request that the trial court take judicial notice of the decisions rendered by the courts. Therefore, given his notice of this evidentiary issue and his failure to object, the plaintiff cannot prevail on this claim.[4]

II

The plaintiff also claims that the court improperly held that he had no property interest in either the permit the defendants revoked or the dock the defendants ordered him to remove. We disagree.

"[T]he doctrine of sovereign immunity is not available to the state as a defense to claims for just compensation arising under article first, § 11, of the Connecticut constitution. . . . To survive a motion to dismiss on the ground of sovereign immunity, [however] a complaint must allege sufficient facts to support a finding of a taking of land in a constitutional sense." (Citations omitted; internal quotation marks omitted.) *Tamm* v. *Burns*, 222 Conn. 280, 283–84, 610 A.2d 590 (1992). "As an

---

[3] We note that although the memorandum was titled "brief in opposition to motion for summary judgment," the plaintiff discussed the merits of the defendants' motion to dismiss. See *State* v. *Taylor*, 91 Conn. App. 788, 791–92, 882 A.2d 682 (court will look to substance of motion rather than form or label), cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

[4] Furthermore, we note that "[t]he trial court has the power to take judicial notice of court files of other actions between the same parties." *In re Mark C.*, 28 Conn. App. 247, 253, 610 A.2d 181, cert. denied, 223 Conn. 922, 614 A.2d 823 (1992).

analytic matter, before a court can review a landowner's claim that he has been deprived of his property without just compensation, the court must first define the property interest that has allegedly been taken." (Internal quotation marks omitted.) *Bauer* v. *Waste Management of Connecticut, Inc.*, 234 Conn. 221, 253, 662 A.2d 1179 (1995).

In his complaint, the plaintiff attempted to assert a takings claim by alleging that "the defendants took [his] property without just compensation . . . ." The court concluded that "the plaintiff cannot have a property right in the dock that he was ordered to remove because the dock that the plaintiff constructed did not at any time conform to the permit."[5] The court then dismissed the claim because "[t]he plaintiff [had] not alleged that the property, minus the nonconforming dock, lack[ed] any economic value, nor [had] he alleged that he cannot apply for a new permit to build a dock that would conform to the current department criteria."

On appeal, the plaintiff has not argued that his dock conformed to the permit. Instead, the plaintiff argues that the right to build a dock is a riparian right; *Orange* v. *Resnick*, 94 Conn. 573, 109 A. 864 (1920); that riparian rights are property; *Port Clinton Associates* v. *Board of Selectmen*, 217 Conn. 588, 587 A.2d 126, cert. denied, 502 U.S. 814, 112 S. Ct. 64, 116 L. Ed. 2d 39 (1991); and that docks are considered realty. *Vallerie* v. *Stonington*, 253 Conn. 371, 751 A.2d 829 (2000). He has not been denied, however, the right to build a dock; on the contrary, he was granted a permit to build a dock. The

---

[5] The plaintiff did not assert that he had a property interest in the permit for the dock until this appeal, and, thus, we decline to address that claim. See *In re Anna Lee M.*, 104 Conn. App. 121, 124 n.2, 931 A.2d 949 ("[W]e will not decide an appeal on an issue that was not raised before the trial court. . . . To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." [Internal quotation marks omitted.]), cert. denied, 284 Conn. 939, 937 A.2d 696 (2007).

plaintiff simply chose to build a dock that did not conform to the permit, and he has not presented any authority that holds that a person has a property interest in a structure that was built in violation of a permit. We conclude that the plaintiff's takings claim cannot be maintained because he has not been able to demonstrate that a property interest was involved. Therefore, the defendants' motion to dismiss on the ground of sovereign immunity was granted properly.

The judgment is affirmed.

In this opinion the other judges concurred.